(C. D. 1030)

Isaac Polack *v.* United States

## United States Customs Court, Third Division

(Decided October 18, 1946)

Plaintiff not represented by counsel.
Paul P. Rao, Assistant Attorney General (Harold L. Grossman and Joseph E. Weil, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is a suit against the United States arising at the port of New Orleans by protest against the collector's assessment of duty on merchandise invoiced as raw hog hair at 3 cents per pound under paragraph 1507 of the Tariff Act of 1930 as "Bristles, sorted, bunched, or prepared." Plaintiff claims that the merchandise is entitled to free entry under paragraph 1637 as "Bristles, crude, not sorted, bunched, or prepared."

At the trial plaintiff offered in evidence a sample of the merchandise which he stated was representative of the goods as they were received. The sample, marked "Plaintiff's Exhibit 1," consists of a box of loose bristles of various sizes and colors and a piece of cord which apparently had been tied around them. Plaintiff also offered in evidence, as plaintiff's collective illustrative exhibit A, samples of bristles, sorted, bunched, and prepared. These consist of bristles of approximately the same length and color with the butt ends all at the top and tied tightly with string. Plaintiff then testified that plaintiff's exhibit 1 was not sorted, bunched, or prepared.

Paul Furman, called on behalf of the plaintiff, testified that he had seen the merchandise at the time of its importation; that the bristles had been tied with cords, but all the cords had slipped off and the bristles were mixed without the butt ends and flag ends being placed together; that they were absolutely raw, and that no work had been done to them except packing. In answer to the court's query as to whether they had been bunched, sorted, or prepared, he stated:

The meaning "bunched" to the meaning "sorted" is rather a long stretch. We could take a piece of raw bristle and put a string around it and call it bunched, but whether we connect it with the word "sorted" and then tied to make a bunch out of it, it is an entirely different stage. This has merely that string around it to be a bunch of raw bristle, but not dressed or done any work to it whatsoever.

Defendant called Milton M. Young, an examiner of bristles, who testified that bristles of the type in plaintiff's exhibit 1 have a tendency to become loose but only to a small percentage; that as a rule they are firmly bound with a rope, making a fairly solid bundle, though not as solid as bundles imported after they have been dressed; that

plaintiff's exhibit 1 consists of bristles, bunched, with a string to keep them from falling apart.

Michel T. Blouin, an examiner at New Orleans, testified that he had seen the merchandise at the time of importation and that he had withdrawn some samples which were retained in his custody. He stated that plaintiff's exhibit 1 was not representative of the merchandise in the condition in which it was imported; that the flag ends had been all on one end and the butt ends on the other, and they had been bunched. He then produced four samples from the original shipment which were admitted in evidence as defendant's exhibit 2. They consist of bristles similar to those in plaintiff's exhibit 1, not sorted as to size or color, but tied in bundles, and, according to Mr. Blouin, all the flag ends are at one end and the butt ends at the other, and they are tied together to keep them intact so they will not have to be reassorted. Mr. Blouin also stated that in his opinion defendant's exhibit 2 was "bunched," and that plaintiff's exhibit 1 was not, but that only defendant's exhibit 2 represented the merchandise in its imported condition.

Richard B. Cromwell, another examiner, testified to the same effect.

The only issue involved is whether or not the bristles, as imported, were "bunched" within the meaning of the tariff act. It was held in the recent case of *United States* v. *N. Wagman & Co.*, 33 C. C. P. A. 88, C. A. D. 320, that bristles are "bunched" where they are tied together and arranged so that the flag ends and butt ends are at opposite ends, even though not sorted as to size and color. Following that decision, it is clear that plaintiff's exhibit 1 is not "bunched," but that defendant's exhibit 2 is "bunched."

It is therefore necessary to determine which exhibit is representative of the merchandise in the condition in which it was imported. The goods were entered at New Orleans where they were examined by Mr. Blouin and Mr. Cromwell, who each testified that the bristles were in the condition respresented by defendant's exhibit 2, but not in that represented by plaintiff's exhibit 1. The plaintiff and Mr. Furman testified, on the other hand, that the bristles were in the condition represented by plaintiff's exhibit 1 when received. However, since plaintiff's office is in New York, it is a fair inference that he did not examine the goods until their arrival at New York by which time the cords had slipped off and the bristles were lying loose.

We hold, therefore, that defendant's exhibit 2 is a fair representation of the goods in the condition in which they were imported and that they were "bunched" within the meaning of paragraph 1507 of the Tariff Act of 1930. The protest is overruled and judgment will be rendered accordingly.